FILED: September 4, 2008

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 07-4760 (L)
(1:98-cr-00259-BEL-14)

---

UNITED STATES OF AMERICA

 Plaintiff - Appellee

v.

WILLIAM PARROS

 Defendant - Appellant

---

07-4772
(1:98-cr-00259-BEL-5)

---

UNITED STATES OF AMERICA,

 Plaintiff - Appellee

v.

OWEN ROBINSON, aka Heavy,

 Defendant - Appellant

_____

JUDGMENT
_____

In accordance with the decision of this Court, the judgments of the District Court are affirmed.

This judgment shall take effect upon issuance of this Court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4760

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

WILLIAM PARROS,

       Defendant - Appellant.

No. 07-4772

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

OWEN ROBINSON, a/k/a Heavy,

       Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (1:98-cr-00259-BEL-14; 1:98-cr-00259-BEL-5)

Submitted:  June 30, 2008            Decided:  September 4, 2008

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————

Gerald D. Glass, LAW OFFICES OF GERALD D. GLASS, Towson, Maryland; G. Godwin Oyewole, Washington, D.C., for Appellants.  Rod J. Rosenstein, United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, William Parros and Owen Robinson appeal the district court's sentences imposed after we remanded for resentencing consistent with the rules announced in United States v. Booker, 543 U.S. 220 (2005). See United States v. Robinson, 460 F.3d 550 (4th Cir. 2006). At resentencing, the court sentenced Parros to twenty years' imprisonment and Robinson to two concurrent terms of thirty years' imprisonment, in each case the statutory maximum sentence and the Sentencing Guidelines' sentence. On appeal, the Appellants claim the district court committed plain error because it did not have the benefit of the Supreme Court's opinions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007). They also argue the court treated the Guidelines as mandatory and used facts to increase their offense levels that were not found by a jury or admitted by the Appellants. We affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall, 128 S. Ct. at 597-98; United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in § 3553(a); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence.

- 3 -

Pauley, 511 F.3d at 473. The Guidelines is "the starting point and the initial benchmark." Gall, 128 S. Ct. at 596. Next, the court should give the parties the opportunity to argue for whatever sentence they deem appropriate. The court is then instructed to consider the § 3553(a) factors in light of the defendant's request to impose a specific sentence. Id. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). This presumption can be rebutted only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court, however, must not presume that a sentence within the Guidelines is reasonable. Gall, 128 S. Ct. at 597. The court must instead "make an individualized assessment based on the facts presented." Id.

Upon review, this court must first determine whether the district court committed any significant procedural error, Gall, 128 S. Ct. at 597, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any

- 4 -

deviation from the Guidelines range." Id. If this court finds the sentence is procedurally sound, we must next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Gall, 128 S. Ct. at 597.

We find the district court appropriately followed the post-Booker sentencing procedure. In each case, it properly determined the offense level and criminal history category. We find no procedural error. We further find the sentences were substantively reasonable. The court was aware of its authority to go below the Guidelines based on the § 3553(a) sentencing factors.

Accordingly, we affirm the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED